## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Lower Bucks Hospital,[1] | Case No. 10-10239 |
| Debtor. | Joint Administration Requested |
| In re: | Chapter 11 |
| Lower Bucks Health Enterprises, Inc., | Case No. 10-10241 |
| Debtor. | Joint Administration Requested |
| In re: | Chapter 11 |
| Advanced Primary Care Physicians, | Case No. 10-10243 |
| Debtor. | Joint Administration Requested |

### MOTION OF THE DEBTORS FOR AN ORDER DIRECTING
### JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned proposed attorneys, hereby submit this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended (the "Bankruptcy Code") and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and collectively, the "Bankruptcy Rules"), for the entry of an order, in substantially the form attached hereto, directing joint administration of their related chapter 11 cases. In support of the relief sought, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Lower Bucks Hospital (9667); Lower Bucks Health Enterprises, Inc. (7355); and Advanced Primary Care Physicians (9053). The Debtors' address is 501 Bath Road, Bristol, Pennsylvania 19007.

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105 of the Bankruptcy Code and Rule 1015(b) of the Bankruptcy Rules.

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

5. Lower Bucks Hospital ("LBH") is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania. Together with its affiliated Debtors, it owns and operates a 183 bed acute care hospital and related ambulatory surgical center located on a 36-acre medical campus in Bristol, Pennsylvania (collectively, the "Hospital"). The Hospital provides a full range of acute, sub-acute ambulatory and related services including cardiac catheterization, open heart surgery, ambulatory surgical services, diagnostic imaging (including MRI), industrial health, maternity, home health and orthopedics. The Hospital employs approximately 994 full and part-time employees, including approximately 11 physicians.

6. In late 2007, the Hospital began to experience a decline in its patient service revenue. This decline was attributable to a number of factors, including a general economic decline in the region. Annual revenue for the Debtors, on a consolidated basis, was

approximately $116 million in the fiscal year ending on June 30, 2007, approximately $125 million in the fiscal year ending on June 30, 2008 and approximately $114 million in the fiscal year ending on June 30, 2009. Net income for the last three fiscal years was as follows:

| | |
|---|---|
| 2007 (one year period ending 6/30/07): | ($2.5 million) |
| 2008 (one year period ending 6/30/08): | ($4.2 million) |
| 2009 (one year period ending 6/30/09): | ($7.3 million) |

7. Recognizing that its revenue was declining and that it needed to align its expense structure to match its declining revenue, in the Spring of 2008, the Hospital engaged Reliant Health Group ("Reliant"), a healthcare consulting company specializing in expense control. Reliant made a series of recommendations to reduce the Hospital's expenses, and those recommendations were implemented in the Summer and Fall of 2008. Despite these cost-cutting measures, the Hospital continued to experience monthly operating losses. These ongoing losses have adversely affected the Debtors' financial position in at least two respects.

8. First, the Debtors have not made any contributions to their ERISA-qualified, defined benefit pension plan (the "Pension Plan") since March 2009. Benefits under the Pension Plan were "frozen" as of June 30, 2009 and the Pension Plan is now underfunded by approximately $35 million. In the time period leading up to the Petition Date, the Debtors engaged in discussions with the Pension Benefit Guaranty Corporation (the "PBGC") regarding the Pension Plan's termination, and likely will seek Court permission to proceed with such termination. The Debtors anticipate that the PBGC will assert one or more claims resulting from the termination of the Pension Plan.

9. Second, LBH has been unable to make certain interest payments on its existing bond debt. LBH is obligated with respect to the Borough of Langhorne Manor Higher Education and Health Authority Hospital Revenue Bonds, Series of 1992 (The Lower Bucks Hospital) (the

"Bonds"). The Bank of New York Mellon Trust Company, N.A., serves as trustee (the "Indenture Trustee") with respect to the Bonds. As of the Petition Date, approximately $25 million is owed on the Bonds. The Bonds purportedly are secured by a $3.0 million bond reserve fund, as well as by a pledge of LBH's "Unrestricted Gross Revenues".[1] The Debtors believe that the lien asserted by the holders of the bonds (the "Bondholders") on Unrestricted Gross Revenues is avoidable – on October 16, 2009 (within the ninety-day period prior to the Debtors' bankruptcy filing) the Indenture Trustee filed certain financing statements and/or amendments to purportedly perfect its lien – and/or is not properly perfected, because the Indenture Trustee does not have a "control agreement" covering any of the Debtors' bank accounts in which Unrestricted Gross Revenues are deposited. Payments with respect to the Bonds are due twice a year, on June 15th and December 15th. Although LBH made the Bond payment due on June 15, 2009, it was unable to make the payment (of approximately $915,000) due on December 15, 2009. LBH's failure to make this payment is an event of default under the parties' applicable loan documents. Concern about the Indenture Trustee's potential exercise of remedies on account of such default, and the likely impact of such exercise on the Debtors' ability to fund operations and maintain patient care, was a primary cause of the Debtors' bankruptcy filing. The Debtors' bankruptcy filing also was motivated by a desire to preserve for

---

[1] The term "Unrestricted Gross Revenues" is defined as:

unrestricted receipts, revenues, income and other monies received by or on behalf of [LBH] from whatever source derived recorded as additions to unrestricted current funds in the financial statements of [LBH] under Generally Accepted Accounting Principles, including without limiting the generality of the foregoing, transfers to unrestricted current funds from other funds of [LBH] such as the "Endowment Funds" as set forth on [LBH's] financial statements, and all rights to receive the same whether in the form of accounts receivable, contract rights, chattel paper, instruments, general intangibles or other rights and the proceeds thereof including any insurance proceeds and condemnation awards derived therefrom, whether now existing or hereafter acquired coming into existence and whether now owned or held or hereafter acquired by [LBH].

Loan and Security Agreement dated as of November 1, 1992 between the Borough of Langhorne Manor Higher Education and Health Authority and The Lower Bucks Hospital, at page 20.

the benefit of the LBH bankruptcy estate, the 90-day preference period with respect to the actions taken by the Indenture Trustee on October 16, 2009 to purportedly perfect the Indenture Trustee's security interest in Unrestricted Gross Revenues.

10.  Additional information regarding the Debtors and the Hospital, and the background to the Debtors' bankruptcy filing, is set forth in the *Affidavit of Albert A. Mezzaroba in Support of First Day Motions for Relief* filed substantially contemporaneously herewith and incorporated herein.

### Relief Requested

11.  By this Motion, the Debtors seek entry of an order directing joint administration of these Chapter 11 Cases for procedural purposes only.  Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| In re: | ) | Chapter 11 |
|---|---|---|
|  | ) |  |
| Lower Bucks Hospital, *et al.*,[1] | ) | Case No. 10-10239 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

12.  The Debtors also request that a docket entry, substantially similar to the following, be entered on each Debtor's case docket to reflect the joint administration of these chapter 11 cases:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Lower Bucks Hospital (9667), Lower Bucks Health Enterprises, Inc. (7355) and Advanced Primary Care Physicians ( 9053).  The Debtors' address is 501 Bath Road, Bristol, Pennsylvania 19007.

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the Chapter 11 Cases of Lower Bucks Hospital, Lower Bucks Health Enterprises, Inc., and Advanced Primary Care Physicians. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-10239.

13. The Debtors also request that the Court's order require that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against which such claim is asserted and not in the jointly administered case.

## Basis for Relief

14. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

15. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. The entry of joint administration orders in multiple related cases is common and generally non-controversial in this Circuit. See, e.g., Philadelphia Newspapers, LLC, No. 09-11204 (JFK) (Bankr. E.D. Pa. Feb. 22, 2009); In re Leiner Health Prods., Inc., Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008); In re Wickes Holdings, LLC, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); In re Pope & Talbot, Inc., Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); In re American Home Mortgage Holdings, Inc., Case No. 07-

11047 (CSS) (Bankr. D. Del. Aug. 7, 2007); In re Tweeter Home Entm't Group, Inc., Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007).

17. Joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these Chapter 11 Cases will jointly affect each and every Debtor. Entry of an order directing joint administration of these cases will permit the Debtors to reduce fees and costs in connection with the administration of these cases by avoiding the duplication of efforts associated with, for example, filing multiple duplicative documents in the Debtors' various individual cases, monitoring each of the Debtors' individual dockets and maintaining individual case files for each of the Debtors that will largely duplicate one another. In addition, the ability of parties in interest to monitor these cases will be facilitated by having all pleadings grouped together on one docket. Joint administration also will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee for the Eastern District of Pennsylvania will be simplified.

18. The joint administration of these Chapter 11 Cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates. For example, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will be preserved and the Debtors will maintain separate records of assets and liabilities. Thus, individual creditors' rights will not be harmed by the relief requested; rather, the constituents will benefit from the cost reductions associated with the joint administration of these cases.

19.    Based on the foregoing, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors, their creditors, equity security holders and all other parties in interest.

20.    For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' Chapter 11 Cases.

## Notice

21.    The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Pennsylvania; (b) the Office of the United States Attorney for the Eastern District of Pennsylvania; (c) the Office of the Attorney General for the Commonwealth of Pennsylvania; (d) the Commonwealth of Pennsylvania Department of Labor and Industry; (e) the Commonwealth of Pennsylvania Department of Revenue; (f) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed by the Debtors pursuant to Bankruptcy Rule 1007(d); (g) counsel to Bank of New York Mellon Trust Company, N.A., indenture trustee for the Borough of Langhorne Manor Higher Education and Health Authority Hospital Revenue Bonds, Series of 1992 (The Lower Bucks Hospital); (h) the Internal Revenue Service; (i) counsel to the International Union of Operating Engineers, Local 835 AFL-CIO; (j) counsel to the Pennsylvania Association of Staff Nurses & Allied Professionals; and (k) the Pension Benefit Guaranty Corporation. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request the entry of an Order, substantially in the form attached, granting the relief set forth in this Motion and any other and further relief as is just under the circumstances.

Dated: January 13, 2010
      Philadelphia, Pennsylvania

**SAUL EWING LLP**

By:   */s/ Jeffrey C. Hampton*
      Jeffrey C. Hampton, Esq.
      Adam H. Isenberg, Esq.
      Centre Square West
      1500 Market St., 38th Floor
      Philadelphia, PA 19102
      Telephone: (215) 972-7118/ 8662
      Facsimile: (215) 972-1848/ 1853

      *Proposed counsel for the Debtors and Debtors-in-Possession*