**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 10-10239 |
| | ) | |
| LOWER BUCKS HOSPITAL, *et al*., | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge Eric L. Frank |
| | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF LOWER BUCKS HOSPITAL TO DEBTORS' MOTION**
**FOR AUTHORIZATION TO USE CASH COLLATERAL AND RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Lower Bucks Hospital (the "Debtor," along with Lower Bucks Health Enterprises, Inc. and Advanced Primary Care Physicians, the "Debtors"), by and through its proposed undersigned counsel, hereby files this limited objection and reservation of rights (the "Limited Objection") to the Debtors' motion for authorization to use cash collateral ("Cash Collateral") and the granting of adequate protection to the Indenture Trustee on behalf of the prepetition bondholders and related relief [Dkt. No. 12] (the "Cash Collateral Motion"). In support hereof, the Committee states as follows:

**Preliminary Statement**

1. The Committee was recently formed on January 22, 2010. Since its formation, the Committee has worked cooperatively with the Debtors to attempt to address the Committee's concerns with respect to all pending motions. For almost a week, the Committee has negotiated in good faith with counsel for the Debtors and the Indenture Trustee to resolve the Committee's concerns regarding the Initial Interim Order (as hereafter defined). To be clear, the Committee **does not object** at this time to the Debtors' use of Cash Collateral but does object to certain

terms and conditions in the Initial Interim Order and reserves all of its rights to assert any additional objections at the final hearing. The Committee has circulated its proposed revised interim order (a blackline of which is attached hereto as **Exhibit A**) (the "Proposed Revised Order"). The Committee believes that the Debtors agree to the Proposed Revised Order and that the Committee is close to reaching agreement with the Indenture Trustee. The Committee is hopeful that it will reach agreement with the Indenture Trustee and will be able to submit a consensual revised interim order at the further interim hearing on February 3, 2010.

2. The Proposed Revised Order seeks, among other things, to a) provide the estate with additional time to pursue the lien avoidance challenge against the Indenture Trustee which has been identified in the Cash Collateral Motion; b) clarify the description of the collateral that secures the obligations to the Indenture Trustee under the Loan Agreement; c) ensure that proper protections are in place for the estate and the Committee, if, as the Cash Collateral Motion recites and preliminary review appears to support, the Indenture Trustee is determined to hold avoidable liens on the accounts receivable and cash; d) reserve rights as to the Indenture Trustee's use of certain funds to pay its fees and expenses; and e) ensure the free flow of information to the Committee's professionals.

**Background**

3. On January 13, 2010 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to manage their businesses and properties as debtors-in-possession.

2

5. On January 13, 2010, Debtors filed the Cash Collateral Motion. The Court held a hearing on the Cash Collateral Motion on January 15, 2010 and entered an Interim Order (I) Authorizing Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(b) [Dkt. No. 47] ("Initial Interim Order").

6. The Initial Interim Order contains a bifurcated objection process, of February 1, 2010 for any objections to further interim relief and February 8, 2010 for objections to final relief. Out of an abundance of caution and to protect the Committee's and the estate's rights, the Committee has filed this Limited Objection.

7. On January 22, 2010, the Office of the United States Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the following members to the Committee: Siemens Medical Solutions, USA, Inc.; Horizon Mental Health Management, LLC; Owens & Minor; Amerisource Bergen; Sodexo, Inc.; PECO Energy Company; and Crothall Services Group.

8. On January 22, 2010, the Committee selected Blank Rome LLP as its counsel, subject to approval of its retention by order of this Court.

**Limited Objections and Reservation of Rights**

9. The following is a summary of the reasons supporting the more significant changes requested in the Proposed Revised Order.

10. The Committee believes that there should not be an artificial deadline to challenge the liens of the Indenture Trustee because the parties may determine that the issues can be negotiated or resolved rather than litigated. However, to accommodate the Indenture Trustee's

3

desire for a deadline, the Committee requests that the Investigation Termination Date[1] be extended from 60 days to 120 days from the date the Committee was appointed.

11. In respect to the provision regarding challenges to the Indenture Trustee's lien, the Committee also seeks standing to bring such challenge as the unsecured creditors hold the economic interest in this case. The Debtors and the Committee have agreed that the Committee will have standing if the Debtors fail to bring the action by no later than 20 days prior to the expiration of the Investigation Termination Date. The Proposed Revised Order also provides that regardless of the limited standing expressly provided, the Committee may seek standing at any time in its discretion and the Committee shall retain all rights to commence any action or objection whatsoever of any nature or kind, in addition to the right to seek to intervene in any actions commenced by the Debtors.

12. In addition, the Proposed Revised Order clarifies that any stipulations and acknowledgements regarding the Indenture Trustee's liens and claims are not binding on the estate and other parties if an action challenging the liens is commenced prior to the Investigation Termination Date.

13. Further, based on the Committee's preliminary review of the Indenture, the Indenture Trustee may not be permitted to withdraw monies from the Debt Service Reserve Fund and the Debt Service Fund (as those terms are used and defined in the Indenture) to cover the Indenture Trustee's fees and expenses. Moreover, the payment from the Debt Service Reserve Fund and the Debt Service Fund should only be made if the Indenture Trustee holds a valid, perfected, and non-avoidable lien. Consequently, the Proposed Revised Order contains provisions to address these issues.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Initial Interim Order.

14. Finally, the Committee has requested that the Debtors provide the Committee's professionals with certain financial information. The Debtors have advised that the financial information will be forthcoming. Consequently, the Committee reserves its rights to raise any objections regarding the Budget at the final hearing.

15. Accordingly, the Committee requests that the Initial Interim Order be amended to reflect the requested the changes in the Proposed Revised Order.

16. The Committee reserves its right to supplement, amend, modify or withdraw this Limited Objection.

17. The Committee also reserves the right to raise any other objections to the final relief sought in connection with the Cash Collateral Motion without the necessity of filing any additional pleadings.

WHEREFORE, the Committee respectfully requests that the Court amend the Interim Order approving the Cash Collateral Motion to reflect the changes in the Proposed Revised Order and grant such other and further relief requested as is just and equitable.

Dated: February 1, 2010               **BLANK ROME LLP**

*/s/ Regina Stango Kelbon*
Regina Stango Kelbon (Id No. 44042)
Gregory F. Vizza (Id No. 207095)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Telephone:    (215) 569-5500
Facsimile:     (215) 569-5555

*Proposed Counsel for Official Committee of Unsecured Creditors*

5

900200.00030/11968403v.3