UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| LOWER BUCKS HOSPITAL | Bky. No. 10-10239 ELF |
| LOWER BUCKS HEALTH ENTERPRISES, INC. | JOINTLY ADMINISTERED |
| ADVANCED PRIMARY CARE PHYSICIANS | |
| Debtors.[1] | |

**MOTION OF DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING THE EXCLUSIVE PERIODS DURING WHICH THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion") pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") for entry of an order: (a) extending the period in which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") by 120 days through and including September 11, 2010; and (b) extending the period in which the Debtors have the exclusive right to solicit acceptances of the chapter 11 plan (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods") by 120 days, through and including November 9, 2010. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification number are as follows: Lower Bucks Hospital (9667); Lower Bucks Health Enterprises, Inc. (7355); and Advanced Primary Care Physicians (9053). The Debtors' address is 501 Bath Road, Bristol, Pennsylvania 19007.

1234433.3 4/23/10

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code.

## Background

4. On January 13, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing these chapter 11 cases. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Lower Bucks Hospital ("LBH") is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania. Together with its affiliated Debtors, it owns and operates a 183 bed acute care hospital and related ambulatory surgical center and other facilities located on a 36-acre medical campus in Bristol, Pennsylvania (collectively, the "Hospital"). The Hospital provides a full range of acute, sub-acute ambulatory and related services including cardiac catheterization, open heart surgery, ambulatory surgical services, diagnostic imaging (including MRI), industrial health, maternity, home health and orthopedics. The Hospital employs approximately 994 full and part-time employees, including approximately 11 physicians.

6. No trustee or examiner has been appointed in these chapter 11 cases. On January 22, 2010, the Office of the United States Trustee for the Eastern District of Pennsylvania

appointed the Official Committee of Unsecured Creditors of Lower Bucks Hospital, *et al.* (the "Committee").

7. On February 18, 2010, the Debtors filed their Schedules of Assets and Liabilities as well as their Statement of Financial Affairs.

8. Pursuant to section 1121(b) of the Bankruptcy Code and the *Order Rescheduling Omnibus Hearing and Extending Time Periods Under § 1121 and 365(d)(4) of the Bankruptcy Code* [D.I. 280][2], the Debtors' current Exclusive Filing Period is scheduled to expire on May 14, 2010 and the Debtors' current Exclusive Solicitation Period is scheduled to expire on July 12, 2010.

## Relief Requested

9. By this Motion, the Debtors seek the entry of an Order, pursuant to sections 105(a) and 1121(d) of the Bankruptcy Code: (a) extending the Debtors' Exclusive Filing Period by 120 days, through and including September 11, 2010; and (b) extending the Debtors' Exclusive Solicitation Period by 120 days, through and including November 9, 2010.

10. The Debtors request the extension of their Exclusive Periods without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods for cause shown.

## Basis for Relief

11. Section 1121(b) of the Bankruptcy Code provides that "only a debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(b). Sections 1121(c)(2) and (3) provide, in relevant part, that a party in interest may file a plan if and only if "the debtor has not filed a plan before 120 days after the date of the order for

---

[2] Such order extended the Exclusive Filing Period for a one day period, from May 13, 2010 to May 14, 2010.

relief under this chapter" or "the debtor has not filed a plan that has been accepted before 180 days after the date of the order for relief." 11 U.S.C. § 1121(c)(2)-(3).

12. In turn, section 1121(d)(1) provides, in relevant part:

> . . . on request of a party in interest made within the respective periods in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

13. Pursuant to section 1121(d)(2), however, the 120 day Exclusive Filing Period may not be extended beyond a date that is 18 months after the Petition Date and the 180 day Exclusive Solicitation Period may not be extended beyond a date that is 20 months after the Petition Date. 11 U.S.C. § 1121(d)(2).

I. **A Court May Extend the Exclusive Periods for Cause under Section 1121(d) of the Bankruptcy Code**

14. Section 1121(d)(1) allows a court to extend the Exclusive Periods for "cause" shown. 11 U.S.C. § 1121(d); In re Pine Run Trust, Inc., 67 B.R. 432, 433 (Bankr. E.D. Pa. 1986). The term "cause," however is not defined in the Bankruptcy Code and bankruptcy courts have broad discretion to determine "cause" based on the facts and circumstances of each case. In re Lehigh Valley Professional Sports Club, Inc., No. 00-11296, 2000 WL 290187 (Bankr. E.D. Pa. March 14, 2000); In re Burns and Roe Enters., Inc., No 00-41610 (RG), 2005 WL 6289213, at *3-*4 (D.N.J. Nov. 2, 2005); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Sharon Steel Corp., 78 B.R. 762, 763-65 (Bankr. W.D. Pa. 1987).

15. Legislative history also makes clear that the term "cause" is intended to be a flexible standard aimed at balancing the competing interests of a debtor and its creditors. See H.R. Rep. No. 95-595 at 231-32 (1978). The purpose of exclusivity is to "promote an

environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." See H.R. Rep. No. 95-595, at 36 (1994); Burns, 2005 WL 6289213 at *4. Accordingly, to fulfill Congress' legislative intent, debtors should be granted a reasonable opportunity to remain in control for a period of time to prepare adequate financial and non-financial information regarding the outcome of any proposed plan for disclosure to creditors. See In re Mclean Indus., Inc., 87 B.R. 830, 833-34 (Bankr. S.D.N.Y. 1987).

16.   To determine whether cause exists to extend the Exclusive Periods, the courts consider several non-exclusive factors, including:

(a)   the size and complexity of the case;

(b)   the debtors' need for sufficient time to negotiate a plan of reorganization and prepare adequate information;

(c)   the existence of good faith progress toward reorganization;

(d)   whether the debtor is paying its bills as they come due;

(e)   whether the debtor has shown a reasonable likelihood of proposing a viable plan of reorganization;

(f)   the progress the debtor has made in negotiating with its creditors;

(g)   the amount of time that has elapsed in the case;

(h)   whether the debtor is seeking an extension of the exclusive periods to pressure creditors to submit to the debtors' reorganization demands; and

(i)   whether any unresolved contingencies exist.

In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); In re Adelphia Comm. Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); Gibson, 101 B.R. at 409-10. No single factor is dispositive in

determining whether to extend exclusivity and courts can choose to rely on only a few factors or even altogether differing factors. In re The Elder-Beerman Stores Corp., No. C-3-97-175, 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997); Dow Corning, 208 B.R. at 669-70. The primary consideration, however, should be whether granting an extension of the Exclusive Periods would help progress the Debtors' chapter 11 cases. Dow Corning, 208 B.R. at 670; In re Henry Mayo Newhall Memorial Hospital, 282 B.R. 444, 453 (9th Cir. BAP 2002).

17.  Consistent with this flexible standard, courts in this Circuit have routinely granted extensions similar to those requested by the Motion in large chapter 11 cases to provide debtors with a sufficient opportunity to formulate a workable plan of reorganization. See, e.g., In re Philadelphia Newspapers, LLC, Case No. 09-11204 (SR) (Bankr. E.D. Pa. October 15, 2009) (granting an initial extension of exclusive period of 60 days and granting an additional extension of 60 days); TH Properties, L.P., Case No. 09-13201 (SR) (Bankr. E.D. Pa. Sept. 21, 2009) (granting a third 90 day extension of exclusive periods); In re Aleris Int'l Inc., Case No. 09-10478 (BLS) (Bankr. D. Del. May 19, 2009) (granting an initial extension of exclusive periods of 180 days); In re Cadence Innovation LLC, Case No. 08-11974 (KG) (Bankr. D. Del. Jan. 16, 2009) (granting an initial extension of exclusive periods of 120 days, granting an additional extension of 90 days and considering a third extension of 90 days); In re Boscov's, Inc., Case No. 08-11637 (KG) (Bankr. D. Del. Dec. 16, 2008) (granting an initial extension of exclusive periods of approximately four months and a total extension of approximately eight months), In re SemCrude, L.P., Case No. 09-11525 (BLS) (Bankr. D. Del. Dec. 8, 2008) (granting an initial extension of exclusive periods of approximately four months and an additional extension of approximately three months).

II.     **Cause Exists to Extend the Exclusive Periods**

18.     The Debtors respectfully submit that the size and complexity of their cases, together with the progress made to date, provide sufficient cause for a 120-day extension of their Exclusive Periods.

19.     By any measure, the Debtors' cases qualify as "large and complex." As of the Petition Date, the Debtors' employed nearly 1,000 full and part-time employees, as well as numerous independent contractors. As of February 28, 2010, the Debtors' books and records reflected assets totaling approximately $62.6 million and a similar level of liabilities. In addition to their size, the Debtors' cases are complex and include, among other things, union issues, pension issues, vendor disputes and, as described in more detail below, avoidance and perfection issues related to certain Bonds of the Debtors.

20.     Despite these complexities, the Debtors have made substantial progress during the first three months of their chapter 11 cases. Initially, the Debtors' management focused on stabilizing the Debtors' business and attending to the many time-consuming demands that accompany commencement of chapter 11 cases, which include responding to inquiries and demands from employees, vendors, utility providers and other parties-in-interest. The Debtors also have focused their efforts on other matters critical to their reorganization efforts including, among things, preparing and filing their schedules of assets and liabilities and statements of financial affairs, drafting a motion to establish bar dates for filing claims (which, upon review by the Committee, will be filed with the Court), and preparing for various hearings. Finally, the Debtors' management, working closely with the Debtors' professionals, has worked to improve the Debtors' cash position, effectuating a significant improvement in control of costs. These efforts have resulted in not only a smooth transition into chapter 11 but also a significant

improvement in the Debtors' operations. The Debtors anticipate that with an extension of the Exclusive Periods, they will be able to continue their progress and move forward to a successful reorganization.

21. At the same time, the Debtors and their professionals have devoted a substantial amount of time analyzing alternative reorganization strategies. During the first three months of their chapter 11 cases, the Debtors have had discussions with the Committee, the Debtors' financial advisors and the Debtors' investment bankers regarding how to best maximize the value of the Debtors' estates for the benefit of their creditors and other parties-in-interest. As previously represented to the Court, the Debtors are exploring two basic options for their reorganization – a stand-alone plan of reorganization as well as a sale of substantially all of the Debtors' assets – to determine which alternative will provide the greatest benefit. The Debtors are engaged in discussions with several potential buyers of the Debtors' assets and are simultaneously considering stand-alone business alternatives. It simply would be premature for the Debtors to propose a plan of reorganization in the next month without the benefit of a complete analysis of both options, to determine which alternative will provide the greatest benefit to their estates.

22. Additionally, the Debtors have devoted a substantial amount of time analyzing perfection and avoidance issues relating to the Borough of Langhorne Manor Higher Education and Health Authority Hospital Revenue Bonds, Series of 1992 (the Lower Bucks Hospital) (the "Bonds") and developing potential causes of action with respect to such matters. This matter has taken priority over others in these cases given the approaching deadline to file a complaint and the significance of this matter to the estate. The outcome of this potential cause of action could have a substantial impact on the size of the pool of assets that will ultimately become available

for distribution to the Debtors' creditors and may impact the Debtors' decision on how best to reorganize.

23. Finally, only three months have elapsed since the Petition Date, and this is the Debtors' first request for an extension of their Exclusive Periods. During the time since the Petition Date, the Debtors have accomplished a great deal. As explained above, the Debtors and their professionals have undertaken substantial efforts to administer these cases as efficiently as possible. There can be no doubt that the Debtors have acted diligently in the initial three months of these reorganization cases.

24. Under the circumstances, the Debtors do not believe any party would be prejudiced by the extension of the Debtors' Exclusive Periods. The Debtors have sufficient liquidity and are paying their bills as they become due in the ordinary course of business. Through prudent business decisions and cash management, the Debtors have sufficient resources to meet their required post-petition payment obligations, and are managing their businesses effectively and preserving the value of their assets for the benefit of creditors.

25. The Debtors respectfully submit that, under all of the relevant facts and circumstances, the requested extension of the Debtors' Exclusive Periods will not prejudice the legitimate interests of any creditor and will afford the Debtors the opportunity to propose a confirmable plan of reorganization.

### Notice

26. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the Eastern District of Pennsylvania; (b) the Office of the United States Attorney for the Eastern District of Pennsylvania; (c) the Office of the Attorney General for the Commonwealth of Pennsylvania; (d) the Commonwealth of Pennsylvania Department of Labor

and Industry; (e) the Commonwealth of Pennsylvania Department of Revenue; (f) counsel to the Committee; (g) counsel to Bank of New York Mellon Trust Company, N.A., indenture trustee for the Borough of Langhorne Manor Higher Education and Health Authority Hospital Revenue Bonds, Series of 1992 (The Lower Bucks Hospital); (h) the Internal Revenue Service; (i) counsel to the International Union of Operating Engineers, Local 835 AFL-CIO; (j) counsel to the Pennsylvania Association of Staff Nurses & Allied Professionals; (k) the Pension Benefit Guaranty Corporation; and (l) any party that has filed an entry of appearance in these cases. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**No Prior Request**

No prior application for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto (a) extending the Exclusive Filing Period by 120 days, through and including September 11, 2010; (b) extending the Exclusive Solicitation Period by 120 days, through and including November 9, 2010; and (c) granting such other or further relief as the Court deems just and proper.

Dated: April 23, 2010
Philadelphia, Pennsylvania

**SAUL EWING LLP**

By: */s/ Adam H. Isenberg*
Jeffrey C. Hampton, Esq.
Adam H. Isenberg, Esq.
Centre Square West
1500 Market St., 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7118/ 8662
Facsimile: (215) 972-1848/ 1853

*Counsel for the Debtors
and Debtors-in-Possession*