UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 11 |
| LOWER BUCKS HOSPITAL | : Bky. No. 10-10239 ELF |
| LOWER BUCKS HEALTH ENTERPRISES, INC. | : |
| ADVANCED PRIMARY CARE PHYSICIANS | : JOINTLY ADMINISTERED |
| Debtors | : |

## ORDER

AND NOW, Eric Huebscher, the Patient Care Ombudsman ("the PCO") having filed an Application for Authorization to Retain Cooley Godward and Kronish LLP ("CGK") as Counsel Nunc Pro Tunc to March 2, 2010 (Doc. # 239) ("the Application"),

AND, after a hearing,

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART**.

2. The PCO is authorized to retain CGK as counsel. See 11 U.S.C. §105(a); In re Renaissance Hotel-Grand Prairie, Inc., 2008 WL 5746904, at *2-4 (Bankr. N.D. Tex. Dec. 31, 2008).[1]

---

[1]     The Patient Care Ombudsman and counsel are cautioned, however, that the proposed scope of the representation set forth in Paragraph 8 of the Application may be overbroad.

> The duties assigned the Ombudsman relate to patient care, and an ombudsman's attorneys should be limited in their assignment to doing what is required to protect and enhance the care of patients. Counsel to an ombudsman does not require a license to generally monitor and participate in all phases of a bankruptcy case.
>
> Two functions are required of the attorneys representing the Ombudsman. First,
> (continued...)

-1-

3. The authorization is effective as of March 26, 2010, the date on which the Application was filed with the court. The request that the authorization be granted nunc pro tunc as of March 2, 2010 is **DENIED WITHOUT PREJUDICE** to the right of the PCO and CGK to renew the request in connection with any application for compensation that may be filed pursuant to 11 U.S.C. §§330, 331.

4. CGK's fees and expenses shall be subject to an initial cap of $35,000.00 (the "Fee Cap"); provided, however, that (i) the Fee Cap may be increased upon the agreement of the Debtors, the Committee and the US Trustee, and (ii) the foregoing shall be without prejudice to the Ombudsman's right to file a supplemental application to expand the scope of CGK's retention to allow for an increase in the Fee Cap. If the Debtors and the Committee agree to an increase in the Fee Cap, then CGK shall file a verified statement to that effect.

Date: May 14, 2010

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[1](...continued)

> the Ombudsman must be assisted in identifying and understanding those laws intended to protect patients and those laws intended to regulate, to such end, Debtors' businesses. Second, counsel must press such motions as the Ombudsman may be required to file under Code section 333 or Rule 2015.1; additionally counsel may aid the Ombudsman in identifying and opposing relief requested by other parties which, if granted, would cause patient care to deteriorate or otherwise adversely affect patients' rights. Only to the extent of the foregoing is the court justified in approving employment of and compensation [of counsel to the Ombudsman].

Renaissance Hospital-Grand Prairie, 2008 WL 5746904, at *6 (footnote omitted).