UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 11 |
| | : |
| LOWER BUCKS HOSPITAL | : Bky. No. 10-10239 ELF |
| | : |
| LOWER BUCKS HEALTH ENTERPRISES, INC. | : JOINTLY ADMINISTERED |
| | : |
| ADVANCED PRIMARY CARE PHYSICIANS | : |
| | : |
| Debtors.[1] | : |

**ORDER AUTHORIZING EXTENSION AND MODIFICATION OF TERMS OF RETENTION OF SSG CAPITAL ADVISORS, LLC AS INVESTMENT BANKER TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 18, 2010**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing extension and modification of the terms of retention of SSG Capital Advisors, LLC ("SSG") as investment banker to the Debtors, *nunc pro tunc* to May 18, 2010, pursuant to sections 327(a) and 328 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, as amended (the "Bankruptcy Code"); the Court having reviewed the Application and the Declaration of J. Scott Victor (the "Victor Declaration"); the Court having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) SSG does not hold or represent any interest adverse to the Debtors' estates, (d) SSG is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code and (e) the continued employment of SSG is necessary and in the best

---

[1] The Debtors and the last four digits of their respective taxpayer identification number are as follows: Lower Bucks Hospital (9667); Lower Bucks Health Enterprises, Inc. (7355); and Advanced Primary Care Physicians (9053). The Debtors' address is 501 Bath Road, Bristol, Pennsylvania 19007.

[2] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Application.

interests of the Debtors' estates, creditors, and other parties in interest; the Court finding that notice of the Application and the Hearing given by the Debtors was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Victor Declaration and at the Hearing establish just cause for the relief herein granted, and after due deliberation and cause appearing therefore, it is HEREBY ORDERED that:

1. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to continue to retain and employ SSG on the terms set forth in the Second Engagement Agreement attached to the Application as Exhibit "A", as modified by this Order.

2. SSG shall be relieved from any requirement to file monthly fee statements or applications for interim compensation under section 331 of the Bankruptcy Code, and the Debtors shall be authorized to pay Monthly Fees (as defined in the Second Engagement Agreement) to SSG consistent with the terms and conditions set forth in the Second Engagement Agreement as modified by this Order; provided, however, that SSG shall be required to obtain approval of this Court for all fees and expenses incurred in accordance with the Second Engagement Agreement as modified by this Order (including the Monthly Fees) by filing and serving a first and final application for compensation and reimbursement of expenses (the "Final Fee Application") pursuant to sections 327(a), 328(a) and 330(a) of the Bankruptcy Code and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court, upon closing a Sale Transaction or Restructuring Transaction as set forth in the Second Engagement Agreement or upon the termination or expiration of the Second Engagement Agreement.

3. Notwithstanding anything to the contrary in this Order, the United States Trustee retains the right to object to the Final Fee Application based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

4. Any fees or expenses paid to SSG during the chapter 11 cases but not approved by the Court pursuant to a Final Fee Application shall be promptly returned by SSG to the Debtors.

5. SSG shall be compensated in accordance with the terms and conditions of the Second Engagement Agreement pursuant to section 328 of the Bankruptcy Code and the Final Fee Application filed by SSG shall be subject to review pursuant to the standard set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in sections 330 or 331 of the Bankruptcy Code

6. Due to the specific circumstances of this case and for the purposes of this specific Order, SSG shall be excused from maintaining time records as set forth in Local Rule 2016-3 in connection with the services to be rendered pursuant to the Second Engagement Agreement and rather shall be permitted to present reasonably detailed descriptions of those services provided on behalf of the Debtors and the individuals who provided professional services on behalf of the Debtors.

7. Subject to paragraph 9 hereof, the Debtors are authorized to indemnify and hold harmless SSG and its affiliates, shareholders, directors, officers, employees, agents and controlling persons against any and all losses, claims, damages, liabilities, actions, proceedings and investigations, directly or indirectly related to or arising out of the activities performed by SSG pursuant to the Second Engagement Agreement, or the transaction contemplated thereby or SSG's role in connection therewith.

8. The Debtors will not be responsible for indemnifying SSG with respect to any losses, claims, damages, settlements, judgments, awards, expenses, costs, liabilities, actions, proceedings and investigations to the extent liability is found in a final judgment by a court of competent jurisdiction to have resulted primarily from SSG's gross negligence or willful misconduct.

9. Notwithstanding anything to the contrary in the Second Engagement Agreement, all requests of SSG for payment of indemnity pursuant to the Second Engagement Agreement shall be made by means of an application and shall be subject to review by the Court and be reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought.

10. Notwithstanding anything to the contrary contained in the Second Engagement Agreement, and without prejudice to SSG's entitlement to receive *either* a Restructuring Fee *or* a Sale Fee (as such terms are defined in the Second Engagement Agreement), SSG shall not be entitled to receive *both* a Sale Fee and a Restructuring Fee.

11. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

12. ~~This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.~~

Date: June 30, 2010
Philadelphia, Pennsylvania

Honorable Eric L. Frank
United States Bankruptcy Judge