## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| LOWER BUCKS HOSPITAL | : | Bky. No. 10-10239 ELF |
| | : | |
| LOWER BUCKS HEALTH ENTERPRISES, INC. | : | JOINTLY ADMINISTERED |
| | : | |
| ADVANCED PRIMARY CARE PHYSICIANS | : | |
| | : | |
| Debtors.[1] | : | |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING DISCLOSURE STATEMENT WITH RESPECT TO THEIR JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) APPROVING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES ON PLAN; (III) APPROVING THE MANNER AND FORMS OF NOTICE; (IV) SCHEDULING A HEARING ON PLAN CONFIRMATION; AND (V) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order: (i) approving Disclosure Statement with Respect to the Joint Chapter 11 Plan of Reorganization of Lower Bucks Hospital, Lower Bucks Health Enterprises, Inc., and Advanced Primary Care Physicians (as may be amended, the "Disclosure Statement"); (ii) approving procedures for the solicitation and tabulation of votes to accept or reject the Joint Chapter 11 Plan of Reorganization of Lower Bucks Hospital, Lower Bucks Health Enterprises, Inc., and Advanced Primary Care Physicians (as may be amended, supplemented, or modified from time to time, the "Plan"); (iii) approving the manner and form of notices related to the Plan and Disclosure Statement; (iv)

---

[1]    The Debtors and the last four digits of their respective taxpayer identification number are as follows: Lower Bucks Hospital (9667); Lower Bucks Health Enterprises, Inc. (7355); and Advanced Primary Care Physicians (9053). The Debtors' address is 501 Bath Road, Bristol, Pennsylvania 19007.

scheduling a hearing to consider confirmation of the Plan; and (v) granting related relief.[2]  In

support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§

1408 and 1409.  The statutory and rule-based predicates for the relief requested herein are sections

105(a), 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules

2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rules 2002-1 and 3016-1 of the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

## BACKGROUND

2.      On January 13, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code, thereby commencing these chapter 11 cases (the

"Bankruptcy Cases").  The Debtors are operating their businesses and managing their properties as

debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or

examiner has been appointed in the Bankruptcy Cases.  On January 22, 2010, the Office of the

United States Trustee for the Eastern District of Pennsylvania appointed the Official Committee of

Unsecured Creditors of Lower Bucks Hospital, *et al.* (the "Committee").

3.      Contemporaneous with the filing of this Motion, the Debtors filed the Plan and the

Disclosure Statement.

---

[2]      Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

## RELIEF REQUESTED

4.      By this Motion, the Debtors seek entry of an order (the "Disclosure Statement

Order"), substantially in the form attached hereto as **Exhibit A**:  (i) approving the Disclosure

Statement; (ii) approving procedures for the solicitation and tabulation of votes to accept or reject

the Plan; (iii) approving the manner and form of notice related to the Plan and Disclosure

Statement; (iv) scheduling a hearing to consider confirmation of the Plan; and (v) granting related

relief.

I.      **Approval of The Disclosure Statement And The Disclosure Statement Notice**

5.      The Disclosure Statement Contains Adequate Information.  Pursuant to section 1125

of the Bankruptcy Code, a debtor must provide its creditors and interest holders with "adequate

information" regarding its proposed plan of reorganization.    Section 1125 defines "adequate

information" as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably
> practicable in light of the nature and history of the debtor and the
> condition of the debtor's books and records, including a discussion of
> the potential material Federal tax consequences of the plan to the
> debtor, any successor to the debtor, and a hypothetical investor typical
> of the holders of claims or interests in the case, that would enable
> such a hypothetical investor of the relevant class to make an informed
> judgment about the plan....

11 U.S.C. § 1125(a)(1).  A disclosure statement must, as a whole, provide information that is

"reasonably practicable" to permit an "informed judgment" by creditors and interest holders entitled

to vote on the plan of reorganization.  See, e.g., Century Glove, Inc. v. First Am. Bank of New

York, 860 F.2d 94, 100 (3d Cir. 1988) (Section "1125 seeks to guarantee a minimum amount of

information to the creditor asked for its vote").

6.      The Court has broad discretion in determining whether a disclosure statement

contains adequate information and makes such a determination on a case-by-case basis.  See Kirk v.

Texaco, Inc., 82 B.R. 678, 682 (S.D.N.Y. 1988) ("[t]he legislative history could hardly be more

clear in granting broad discretion to bankruptcy judges under § 1125(a): 'Precisely what constitutes

adequate information in any particular instance will develop on a case-by-case basis. Courts will

take a practical approach as to what is necessary under the circumstances of each case[.]'").

     7.     The Debtors respectfully submit that the Disclosure Statement contains adequate

information within the meaning of section 1125 of the Bankruptcy Code.

     8.     Adequate Notice of the Disclosure Statement Hearing.  Bankruptcy Rule 3017(a)

provides that, after the filing of a disclosure statement:

> [T]he court shall hold a hearing on at least 28 days' notice to the
> debtor, creditors, equity security holders and other parties in interest
> as provided in Rule 2002 to consider the disclosure statement and any
> objections or modifications thereto.  The plan and the disclosure
> statement shall be mailed with the notice of hearing only to the
> debtor, any trustee or committee appointed under the Code, the
> Securities and Exchange Commission and any party in interest who
> requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a).  Bankruptcy Rule 2002(b) further requires notice by mail to all creditors

of the time set for filing objections to, and the hearing to consider approval of, a disclosure

statement. Fed. R. Bankr. P. 2002(b).

     9.     On the date hereof, the Debtors filed a notice of the hearing to approve the

Disclosure Statement (the "Disclosure Statement Hearing"), in substantially the form attached to the

Disclosure Statement Order as **Exhibit 1** (the "Disclosure Statement Notice"), and served such

notice on the following parties:  (i) all persons or entities that have filed a proof of claim in these

Bankruptcy Cases that has not been previously disallowed by order of this Court; (ii) all persons or

entities listed in the Debtors' respective schedules of assets and liabilities (collectively, the

"Schedules"), as holding liquidated, non-contingent, and undisputed claims; (iii) counsel to the

Committee; (iv) all known parties to executory contracts and unexpired leases with the Debtors; (v)

counsel to the Bond Trustee; (vi) all registered holders and Beneficial Holders of the Bonds, as those terms are defined herein; (vii) the Office of the United States Trustee for the Eastern District of Pennsylvania (the "U.S. Trustee"); (viii) the Internal Revenue Service (the "IRS"); (ix) the Securities and Exchange Commissions (the "SEC"); (x) all other parties that have filed an entry of appearance in these Bankruptcy Cases; and (xi) all other parties that are on the general service list used in these Bankruptcy Cases (collectively, the "Notice Parties"). Among other things, the Disclosure Statement Notice provides notice of the time set for filing objections to the Disclosure Statement and the time and location of the Disclosure Statement Hearing. The Debtors will provide a copy of the Disclosure Statement and the Plan to any party-in-interest that makes a request for such documents in the manner specified in the Disclosure Statement Notice. Copies of these documents are also available upon request to Donlin, Recano & Company, Inc. (the "Claims Agent" or "Balloting Agent," as applicable), the Debtors' notice, claims, and solicitation agent.

10.    The Debtors submit that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing.

## II.    The Solicitation And Voting Procedures

11.    Establishing the Voting Record Date. Under Bankruptcy Rule 3017(d), the date used to determine which holders of claims against and equity interests in a debtor are entitled to vote on such debtor's plan is generally the date the court enters the order approving the disclosure statement. Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) further provides that a creditor or equity security holder is not entitled to accept or reject a plan if it was not the record holder as of the record date. See Fed. R. Bankr. P. 3018(a).

12.    Due to the existence of public debt (the "Bonds") and the corresponding need to ascertain the beneficial holders (the "Beneficial Holders") of the Bonds, the Debtors propose that

the Court set the record date (the "Voting Record Date") at least five (5) business days prior to the

Disclosure Statement Hearing for purposes of determining which creditors are entitled to (i) receive

Solicitation Packages (as defined below), and (ii) vote on the Plan.

13.     Approval of the Forms of Ballots.  In accordance with Bankruptcy Rule 3018(c) and

based on Official Form No. 14, the Debtors have prepared and customized the Ballots, the

Beneficial Holder Ballot, and the Master Ballot (collectively, the "Ballots"), attached to the

Disclosure Statement Order as **Exhibit 2**.  The Debtors request the authority to prepare and

distribute other or modified forms of Ballots, substantially conforming to the Ballots, as the Debtors

deem necessary due to further refinement of the balloting process or modifications to the Plan.

14.     Establishing the Voting Deadline for Receipt of Ballots.  Bankruptcy Rule 3017(c)

requires the Court to fix a time within which parties may vote to accept or reject a chapter 11 plan.

The Debtors respectfully request that the Court set the deadline by which Ballots must be properly

executed, completed, delivered to, and **actually received** by the Balloting Agent (the "Voting

Deadline")[3] at least seven (7) days prior to the Confirmation Hearing.  Ballots must be returned to

the Balloting Agent (i) by mail, postage pre-paid; (ii) by overnight courier; or (iii) by personal

delivery.  The Debtors propose that no Ballots may be submitted by facsimile or electronic mail and

any Ballots submitted by facsimile or electronic mail should not be accepted or counted.

15.     Distribution of Solicitation Packages to Holders of Claims in the Voting Classes.

Bankruptcy Rule 3017(d) sets forth the materials that must be distributed to creditors for the

purpose of soliciting their votes on a plan of reorganization.  Pursuant to Bankruptcy Rule 3017(d),

upon approval of the Disclosure Statement, the Debtors will cause to be transmitted a solicitation

---

[3]     With respect to Beneficial Holder Ballots that are not pre-validated, Beneficial Holders must deliver such
Beneficial Holder Ballots to their Nominees in sufficient time for the Nominees to deliver Master Ballots to the
Balloting Agent on or before the Voting Deadline, as set forth on the Beneficial Holder Ballots.

package (the "Solicitation Package"), by first-class mail, postage pre-paid, to holders of Claims entitled to vote to accept or reject the Plan (and to Nominees, as applicable and as discussed more fully herein) (the "Voting Classes")[4] containing a copy of:

- the Disclosure Statement (with exhibits, including the Plan), as approved by the Court;

- the Disclosure Statement Order (without exhibits);

- the Confirmation Hearing Notice (as defined below);

- a cover letter from the Debtors recommending that holders of Claims in the Voting Classes vote to accept the Plan;

- a Ballot, together with a pre-addressed, postage prepaid return envelope; and

- such other materials as the Court may direct or approve, including supplemental solicitation materials the Debtors may file with the Court.

16.    The Debtors propose that a transferee of a Claim in the Voting Classes be entitled to receive a Solicitation Package and cast a Ballot on account of such Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by or before the Voting Record Date.  If a transferor has completed and submitted a Ballot to the Balloting Agent prior to the transfer of the Claim, the transferee shall be bound by the transferor's vote (and the consequences thereof).

17.    The Debtors will also cause to be provided complete Solicitation Packages (excluding the Ballots) to: (i) counsel to the Committee; (ii) the U.S. Trustee; (iii) the IRS; (iv) the SEC; and (v) any party that has filed an entry of appearance in these Bankruptcy Cases on or before the Voting Record Date.

---

[4]    Under the Plan, holders of Claims in Classes A3, A5, A6, A7, A8-B, A9, B5, B7, B9, C5, C7, and C9 are Impaired and, therefore, entitled to vote to accept or reject the Plan.

18.    The Debtors expect that they will cause mailing of the Solicitation Packages to commence promptly upon entry of the Disclosure Statement Order and they will use their best efforts to cause such to be completed within ten (10) business days of such date (the "Solicitation Deadline"). To avoid duplication and reduce expense, the Debtors propose that, to the extent practicable, and in the discretion of the Balloting Agent, holders who hold more than one Claim in more than one Voting Class should only receive one Solicitation Package for all Claims held. The Debtors believe that the proposed solicitation, notice, and service procedures and other relief requested herein are cost-effective, provide adequate notice and an opportunity to be heard and are in the best interests of the Debtors' estates, their creditors, and other parties-in-interest.

19.    Procedures for Solicitation of Votes of Beneficial Holders of Bonds. Pursuant to the Plan, Claims relating to the Bonds are classified into two classes: Class A3 (Bond Trustee Secured Claim) and Class A6 (Bond Trustee Unsecured Claim) (collectively, the "Bond Claims"). For solicitation and voting purposes, the Debtors propose that each Beneficial Holder of the Bonds be deemed to hold one Class A3 Claim and one Class A6 Claim, each in an amount equal to the respective Beneficial Holder's total Bond holdings (i.e., if a Beneficial Holder's total Bond holdings equals $10,000, such Beneficial Holder, for voting purposes, will hold a Class A3 Claim in the amount of $10,000 and a Class A6 Claim in the amount of $10,000).

20.    The Debtors propose to transmit or cause to be transmitted Solicitation Packages to the record holders or their agents (the "Nominees") of the Bond Claims. On or before the Solicitation Deadline, the Debtor's Balloting Agent will send a reasonably sufficient number of Solicitation Packages, including Beneficial Holder Ballots, in substantially the form attached to the Disclosure Statement Order as **Exhibit 2-B**, to the Nominees, who will then send such materials to the Beneficial Holders for whom such Nominee acts.

21.     Specifically, the Debtors propose that each Nominee be required to (i) forward a

Solicitation Package to each Beneficial Holder for whom such Nominee acts, and (ii) include a

return envelope addressed to either (a) the Nominee, so that it is received in sufficient time to allow

the Nominee to complete a Master Ballot and return it to the Balloting Agent by the Voting

Deadline; or (b) if the Beneficial Holder Ballots are pre-validated, the Balloting Agent, prior to the

Voting Deadline.

22.     The Debtors propose that the Solicitation Packages to be provided to the Nominees

contain only one Beneficial Ballot for each Beneficial Holder and further propose that each

Beneficial Holder vote both its Class A3 Claim and its Class A6 Claim on such Beneficial Holder

Ballot provided.  As noted, the amounts of each Beneficial Holder's Class A3 Claim and Class A6

Claim shall be identical, each in an amount equal to the respective Beneficial Holder's total Bond

holdings.

23.     Except to the extent that a Nominee chooses to pre-validate Beneficial Holder

Ballots (pursuant to the pre-validation instructions set forth in the proposed Disclosure Statement

Order and Master Ballots), upon receiving completed Beneficial Holder Ballots, a Nominee shall

summarize the votes cast on those ballots on an appropriate Master Ballot, in substantially the form

attached to the Disclosure Statement Order as **Exhibit 2-C**, and return the completed Master Ballot

so that it is **actually received** by the Balloting Agent on or before the Voting Deadline.

24.     Instructions regarding the pre-validation of Beneficial Holder Ballots are set forth

below (and are also set forth on the Master Ballots):

      a.     A Nominee "pre-validates" a Beneficial Holder Ballot by indicating thereon
the record holder of the Claims voted, the amount of the Claims held by the
Beneficial Holder, and the appropriate account numbers through which the
Beneficial Holder's holdings are derived.

b.     If a Nominee choose to pre-validate individual Beneficial Holder Ballots, the Nominee must <u>immediately</u>: (a) "pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package sent to it by the Balloting Agent and (b) forward the Solicitation Package to the Beneficial Holder for voting, including:

     i.     the pre-validated Beneficial Holder Ballot; and

     ii.     a return envelope addressed to the Balloting Agent (either by using a self-addressed return envelope provided by the Balloting Agent, or by providing an envelope addressed to: Donlin Recano & Company, Inc., Re: Lower Bucks Hospital, *et al.*, Attn: Voting Department, P.O. Box 2034, Murray Hill Station, New York, NY 10156-0701).

25.     The Debtors propose that the Nominees be required to retain the Beneficial Holder Ballots for inspection for a period at least one (1) year following the Voting Deadline. Moreover, the Debtors request the authority to reimburse each Nominee and the Depository Trust Corporation for their reasonable, customary, actual, and necessary out-of-pocket expenses incurred in performing the tasks described above upon written request (subject to the Court's retaining jurisdiction to resolve any disputes over any request for reimbursement).

26.     The proposed Disclosure Statement Order provides that the Bond Trustee shall not be entitled to vote on behalf of the Beneficial Holders; rather, with respect to the Bond Claims, Solicitation Packages will be sent to the Beneficial Holders of such Claims through their respective Nominee and each Beneficial Holder must vote his or her own Beneficial Holder Ballot.

27.     Bankruptcy Rule 3017(e) specifically contemplates procedures for transmitting a disclosure statement and other solicitation materials to beneficial holders of stocks, bonds, debentures, notes and other securities. The Debtors believe that the process described above satisfies the requirements of Bankruptcy Rule 3017(e), and recognizes the complexity of the securities industry, the need for administrative economy, and the rights of Beneficial Holders to have a fair and reasonable opportunity to vote to accept or reject the Plan.

28.     <u>Notices Sent to Parties Not Entitled to Vote to Accept or Reject the Plan</u>. Holders of

Claims in Classes A1, A2, A4, A8-A, B1, B4, C1, and C4 (the "<u>Non-Voting Classes</u>") are

unimpaired under the Plan and, therefore, are conclusively presumed to accept the Plan. <u>See</u> 11

U.S.C. § 1126(f). As such, holders of Claims in the Non-Voting Classes will receive a Non-Voting

Status Notice, substantially in the form attached to the Disclosure Statement Order as **Exhibit 3**, in

lieu of a Solicitation Package, advising them, among other things: (i) that they are not entitled to

vote on the Plan by virtue of section 1126(f) of the Bankruptcy Code; (ii) that the Disclosure

Statement Order has been entered; (iii) the date and time of the Confirmation Hearing and the

deadline and manner for filing Plan Objections; and (iv) the manner in which copies of the Plan, the

Disclosure Statement, and other materials in the Solicitation Package may be obtained. The

Debtors submit that the Notice of Non-Voting Status satisfies the requirements of Bankruptcy Rule

3017(d).

29.     <u>Procedures for Vote Tabulation</u>. The Debtors propose that, for purposes of voting,

each Claim within the Voting Classes be temporarily Allowed in accordance with the following

rules:

- except as otherwise provided below, a Claim will be temporarily Allowed for voting purposes (i) in the amount of such Claim as set forth in a timely filed proof of claim, or (ii) if no such proof of claim is filed, in the amount set forth on the Debtors' Schedules, provided such Claim is not marked as contingent, unliquidated, or disputed;

- if a Claim for which a proof of claim has been timely filed is marked as contingent, unliquidated, or disputed, such Claim will be temporarily Allowed for voting purposes in the amount of $1.00;

- except as otherwise provided below, if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not timely filed, then the holder of such Claim will not be treated as a creditor with respect to such Claim for voting and distribution purposes;

- if a Claim is partially liquidated and partially unliquidated, the Debtors propose that the Claim be allowed for voting purposes only in the liquidated amount;

- if a Claim holder identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with these rules, the Claim will be temporarily Allowed for voting purposes in the lesser amount identified on such Ballot;

- if a Claim has been estimated or Allowed by the Court, such Claim will be Allowed for voting purposes in the amount so estimated or Allowed by the Court;

- if a Claim which otherwise meets the requirements for temporary allowance for voting purposes set forth above is subject to a pending objection as of the Voting Record Date, the holder of such Claim is not entitled to vote to accept or reject the Plan unless such Claim becomes the subject of: (i) an order pursuant to Bankruptcy Rule 502(c) of the Bankruptcy Code allowing such Claim for voting purposes; (ii) an order entered in response to a timely-filed Rule 3018(a) Motion (as discussed below), granting temporary allowance of the Claim for voting purposes; or (iii) a stipulation or other agreement with the Debtors resolving the objection and allowing the Claim for voting purposes in an agreed upon amount.

30.     If any holder of a Claim in the Voting Classes seeks to challenge the allowance and/or amount of its Claim for voting purposes, the Debtors propose that such creditor file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim, for voting purposes only, in a different amount (a "Rule 3018(a) Motion"). Upon the filing of such motion, the Debtors propose that the creditor's Ballot be treated in accordance with the above-designated guidelines or as otherwise provided by an order of this Court. The Debtors propose that, to be considered, any Rule 3018(a) Motion must: (i) be filed with the Court and served on counsel for the Debtors or before the Voting Deadline; (ii) set forth with particularity the amount in which the movant believes its Claim should be Allowed for voting purposes; and (iii) include supporting evidence. The Debtors propose that all timely filed Rule 3018 Motions be heard on or before the date of the Confirmation Hearing.

31.  Pursuant to sections 105 and 1126 of the Bankruptcy Code, the Debtors request that

the Court approve the following procedures for voting and the tabulation of votes on the Plan:

- the method of delivery of Ballots to the Balloting Agent shall be by hand or by first-class or overnight delivery, and such delivery will be deemed made only when the original, executed Ballot is actually received by the Balloting Agent;

- only Ballots bearing an original signature on the line adjacent to the "Signature" label in the certification section therein shall be counted;

- creditors shall not split their votes and each creditor shall be deemed to have voted the full amount of its Claim to either accept or reject the Plan;

- if a party that is entitled to vote has more than one Claim within the same Class against one or more of the Debtors based upon different transactions, such party shall be entitled to one vote per each claim for numerosity purposes;

- ballots that are properly executed and timely returned, but which (i) fail to designate a vote of acceptance or rejection of the Plan; (ii) indicate both acceptance and rejection of the Plan; or (iii) otherwise partially accept or partially reject the Plan, shall be counted as an acceptance of the Plan;

- if a creditor casts simultaneous duplicative Ballots voted inconsistently, such Ballots shall count as one vote accepting the Plan;

- any Ballot received after the Voting Deadline will not be counted, unless the Debtors or the Court extends such deadline;

- any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code will not be counted;

- any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

- any Ballot cast by a person or entity that does not hold a claim in the Voting Classes will not be counted;

- any Ballot transmitted to the Balloting Agent by facsimile or other electronic means will not be counted;

- the Debtors, in their sole discretion, may waive any defect in any Ballot at any time, either before or after the Voting Deadline, and without notice or further order of this Court; and

- none of the Debtors, the Balloting Agent, or any other person or entity, will be under any duty to provide notification to any person or entity of defects or irregularities with respect to deliveries of Ballots, nor shall any liabilities be incurred for failure to provide such notification.

32.     With respect to Bond Claims held by Beneficial Holders, the Debtors request that the

Court approve the following procedures:

- Record Date Amounts. Votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees of Beneficial Holders of the Bond Claims as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballot, will not be counted in excess of the amount of Claims held by such Nominee as of the Voting Record Date.

- Over-Votes. If conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballot, the Balloting Agent will use reasonable efforts to reconcile discrepancies with the Nominees.  If over-votes on a Master Ballot or pre-validated Beneficial Holder Ballot are not reconciled prior to the preparation of the vote certification, the votes to accept and to reject the Plan shall be applied in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Claims.

- Principal Amount Voted.  For purposes of tabulating votes, each Beneficial Holder will be deemed to have voted the principal amount of its Claim (although any principal amounts shall be adjusted by the Balloting Agent to reflect the amount of the Claim actually voted, including prepetition interest).

- Multiple Master Ballots.  A single Nominee may complete and deliver to the Balloting Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot; *provided, however,* that in instances where ambiguity exists with respect to which Master Ballot was the latest dated, the Balloting Agent has the right to contact the respective Nominee to determine their intent and calculate the vote according thereto.

- Beneficial and Master Ballots Not Counted.  Any Beneficial Holder Ballot cast by a Beneficial Holder holding securities in "street name" that is not pre-validated, but is nevertheless sent by a Beneficial Holder directly to the Balloting Agent, will not be counted.

-14-

- Votes Deemed Acceptances of the Plan. Any Beneficial Holder Ballot that is properly executed and timely returned, but which (i) fails to designate a vote of acceptance or rejection of the Plan with respect to both the holder's Class A3 and Class A6 Claims; or (ii) indicates an acceptance of the Plan as to one Claim, but fails to designate a vote of acceptance or rejection of the Plan as to the other Claim, shall be counted as an acceptance to the Plan as to both the A3 and A6 Claims.

33.      The Debtors anticipate that the United States Postal Service may return as undeliverable some of the Disclosure Statement Notices. The Debtors request that the Court excuse the Debtors from mailing Solicitation Packages and/or Notices of Non-Voting Status to addresses from which the Debtors or the Balloting Agent received mailings returned as undeliverable, unless the Debtors or the Balloting Agent are provided with a new mailing address before the Voting Record Date. The Debtors propose that the burden shall be on a creditor or party-in-interest, rather than the Debtors, to advise the Balloting Agent or the Debtors of any new address prior to the Voting Record Date.

## III.    Confirmation of The Plan

34.      The Confirmation Hearing Date. Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." See 11 U.S.C. § 1128. Bankruptcy Rule 3017(c) further provides that the Court "may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c). The Debtors request that the Court schedule a hearing on confirmation of the Plan (the "Confirmation Hearing") and allow the Confirmation Hearing to be continued from time to time, if necessary, by announcing such continuance in open court. The Debtors further request that the Court allow the Plan to be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, prior to, during, or as a result of the Confirmation Hearing.

35.     Objections to Confirmation of the Plan. Bankruptcy Rule 3020(b)(1) requires that objections to confirmation of a plan be filed and served "within a time fixed by the court." The Debtors request that the Court order that all objections to confirmation of the Plan (the "Plan Objections") be filed no later than seven (7) days prior to the Confirmation Hearing (the "Plan Objection Deadline").

36.     The Debtors propose that any Plan Objection: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim or interest of such party; (iv) state with particularity the basis and nature of any objection to the Plan; and (v) be filed with the Court, together with proof of service, and served so that it is received on or before the Plan Objection Deadline by the following parties: (i) counsel for the Debtors and Debtors-in-Possession, Saul Ewing LLP, Centre Square West, 1500 Market Street, 38th Floor, Philadelphia, PA 19102 (Attn: Adam H. Isenberg, Esquire and Jeffrey C. Hampton, Esquire); and (ii) the U.S. Trustee, 833 Chestnut Street, Suite 500, Philadelphia, PA 19107 (Attn: Dave P. Adams, Esquire).

37.     The Debtors further request leave to file a consolidated reply to any Plan Objections filed by the Plan Objection Deadline no later than 12:00 p.m. (Prevailing Eastern Time) two (2) business days before the Confirmation Hearing.

38.     Confirmation Hearing Notice. Under Bankruptcy Rule 2002(b), a debtor is required to give creditors not less than twenty-eight (28) days notice of the time fixed for filing objections to, and the hearing on, confirmation of a plan of reorganization, unless that time is shortened. The Debtors propose to serve the notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 4**, on the Notice Parties. The Confirmation Hearing Notice will be transmitted to holders of Claims in the

Voting Classes as part of the Solicitation Packages; information contained in the Confirmation

Hearing Notice – specifically, the Voting Deadline, the Plan Objection Deadline, and the date, time,

and place of the Confirmation Hearing – will be provided to holders of Claims in the Non-Voting

Classes in the Notice of Non-Voting Status (Exhibit 3 to the Disclosure Statement Order).

39.    To supplement the mailed Confirmation Hearing Notice, the Debtors propose to

publish, on one occasion, on or before the Solicitation Deadline, in the national edition of *The Wall

Street Journal*, notice of the Confirmation Hearing, substantially in the form attached to the

Disclosure Statement Order as **Exhibit 5** (the "Publication Notice").   Bankruptcy Rule 2002(l)

permits the Court to "order notice by publication if it finds that notice by mail is impracticable or

that it is desirable to supplement the notice." Bankruptcy Rule 9008 further authorizes the Court to

determine the form and manner (including the newspaper) of notice by publication.   The Debtors

submit that publication will provide adequate notice of the Confirmation Hearing and Objection

Deadline to creditors who may not otherwise receive notice by mail.

## NOTICE

40.    Notice of this Motion has been given to: (i) the U.S. Trustee; (ii) the Office of the

United States Attorney for the Eastern District of Pennsylvania; (iii) the Office of the Attorney

General for the Commonwealth of Pennsylvania; (iv) the Commonwealth of Pennsylvania

Department of Labor and Industry; (v) the Commonwealth of Pennsylvania Department of

Revenue; (vi) counsel to the Committee; (vii) counsel to Bank of New York Mellon Trust

Company, N.A., indenture trustee for the Borough of Langhorne Manor Higher Education and

Health Authority Hospital Revenue Bonds, Series of 1992 (The Lower Bucks Hospital); (viii) the

Internal Revenue Service; (ix) counsel to the International Union of Operating Engineers, Local 835

AFL-CIO; (x) counsel to the Pennsylvania Association of Staff Nurses & Allied Professionals; (xi)

the Pension Benefit Guaranty Corporation; and (xii) any party that has filed an entry of appearance

in these cases. In light of the nature of the relief requested, the Debtors submit that no further notice

is required.

## NO PRIOR REQUEST

41.      No prior request for the relief requested herein has been made to this Court or to any

other court in connection with the Bankruptcy Cases.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed

Disclosure Statement Order, granting the relief requested herein and such other and further relief as

is just and proper.

Dated: July 8, 2011
Philadelphia, Pennsylvania                                   **SAUL EWING LLP**

                                          By:     */s/ Lauren J. Grous*
                                                  Jeffrey C. Hampton
                                                  Adam H. Isenberg
                                                  Lauren J. Grous
                                                  Centre Square West
                                                  1500 Market St., 38th Floor
                                                  Philadelphia, PA  19102
                                                  Telephone: (215) 972-7777
                                                  Facsimile: (215) 972-7725

                                                  *Counsel for the Debtors and*
                                                  *Debtors-in-Possession*